# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NGL SUPPLY WHOLESALE, LLC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. |
| v. ) | 09-CV-120-JHP-TLW |
| ) | |
| CROWN GAS OF SAUK CENTRE, ) | |
| INC., ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court are Plaintiff NGL Supply Wholesale, LLC's Motion for Attorney Fees [Doc. No. 60] and Defendant Crown Gas of Sauk Centre, Inc.'s Motion for Attorney Fees [Doc. No. 59] and Motion for Hearing [Doc. No. 60]. Also before the Court is Plaintiff's Response in Opposition to Defendant's Motions [Doc. No. 62] and Defendant's Response in Opposition to Plaintiff's Motion [Doc. No. 63]. For the reasons stated herein, Defendant's Motion for Attorney Fees and Motion for Hearing are **DENIED**. Further, Plaintiff's Motion for Attorney Fees is also **DENIED**.

## BACKGROUND

The Plaintiff, NGL Supply Wholesale L.L.C., brought suit against the Defendant, Crown Gas of Sauk Centre, Inc., alleging the Defendant breached a contract entered into between the parties for the sale of propane causing the Plaintiff damages in the amount of $85,000.00. The Defendant contended it did not enter into a contract with the Plaintiff and mailed a letter to the Plaintiff stating it would not sign or enter into any contract. The Plaintiff contended it never received this letter. The parties presented their case to a jury and on February 17, 2010, a jury rendered a verdict in favor

1

of the Plaintiff and against the Defendant but awarded the Plaintiff zero dollars in damages. [Doc. No. 56] After the trial this Court requested the parties submit a proposed Judgment for this Court's review. On March 17, 2010, this Court approved and entered into the record in this case the Journal Entry of Judgment submitted by the parties which enters judgment in this case for the Plaintiff and against the Defendant for zero dollars. [Doc. No. 58] Shortly thereafter, the Defendant filed a Motion for Attorney Fees and Motion for Hearing [Doc. Nos. 59 and 60]. The Plaintiff has also filed a Motion for Attorney Fees [Doc. No. 61]

## DISCUSSION

Pursuant to 12 O.S. §936, "[i]n any civil action to recover for labor or services rendered...or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." Each party contends it is the prevailing party and, therefore, entitled to attorney fees.

**I.   PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Plaintiff, NGL Supply Wholesale L.L.C., hereinafter "NGL" claims it is the prevailing party because the jury found for the Plaintiff and against the Defendant and this Court entered judgment accordingly. The Oklahoma Supreme Court recently addressed a similar situation in *Tibbetts v. Sight "n Sound Appliances Centers, Inc.*, 2003 OK 72, 77 P.3d 1042. In *Tibbetts* the Plaintiffs were a group of consumers who brought a class action lawsuit under the Oklahoma Consumer Protection Act alleging the Defendant engaged in unlawful advertising practices among other unlawful acts. *Id*. The jury entered a verdict in favor the Plaintiffs but awarded zero dollars in damages. *Id*. Both sides filed motions for attorney fees. The trial judge denied both requests for attorney fees. *Id*.

2

Each side appealed the decision to the Court of Civil Appeals who remanded the matter back to the trial judge who then awarded the Plaintiff $375,000.00 in attorney fees. *Id*. The matter was then appealed to the Oklahoma Supreme Court. The Supreme Court held:

> This Court has foreshadowed the proper decision in this case for we have recognized the importance of the relationship between the amount sued for in a case seeking only money damages and the results obtained. *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.,* 1987 OK 16, 737 P.2d 1186, 1188-1189; *see also Arkoma Gas Co. v. Otis Engineering Corp.,* 1993 OK 27, 849 P.2d 392, 394-395 (what is a reasonable attorney fee in each case must be considered in light of the extent to which plaintiff prevailed). Although, of course, there is no mathematical formula which can be applied in every situation as to gauging the reasonableness of a fee when considering the relationship between the amount sued for and the amount recovered, in our view, no rational argument can be made that a $375,000.00 attorney fee award is reasonable when counsel recovers **absolutely no monetary relief** for the client where the suit seeks approximately 1 million dollars, and **only** monetary relief is sought. The only reasonable fee here, as a matter of law, is no fee at all.
> *Tibbetts*, 2003 OK 72, ¶11, 77 P.3d 1042, 1049.

The Court in *Tibbetts*, cited the United Supreme Court decision of *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), where the plaintiff sought 17 million dollars, but was awarded only one dollar. The Court in *Farrar* determined the Plaintiff was the prevailing party because he obtained a judgment of one dollar, however, the Court determined when "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief ... the only reasonable fee is usually no fee at all." *Farrar, supra*, 506 U.S. at 115, 113 S.Ct. 566. The Court in *Tibbetts* examined the *Farrar* case in determining that "[c]onsidering the degree of plaintiffs' success in the present case makes it obvious that no fee is warranted, as they were awarded **none** of the relief they sought, i.e., they sought **solely** money, but

3

were awarded **zero** damages. A more poignant example of a lack of success would be hard to imagine." *Tibbetts*, 2003 OK 72, ¶13, 77 P.3d 1042, 1049.

NGL argues its case is distinguishable from *Tibbetts* in that, in *Tibbetts*, the Plaintiff's attorneys had a contingency fee agreement with its clients therefore, the attorneys were only to get paid based on the success of the case. Although this is a distinction in the facts, neither the Oklahoma Supreme Court in *Tibbetts*, nor the United States Supreme Court in *Farrar* relied on the contingency fee agreement as the reason for denying attorney fees. In both cases the Courts determined that when only monetary damages were sought and the Plaintiffs were awarded no damages or only nominal damages, the only reasonable attorney fee is no fee at all. Such is the case here.

NGL's lawsuit was for breach of a contract seeking damages of $85,000.00. "[T]he Supreme Court recognized that the most critical factor in deciding the reasonableness of a fee award is the degree of success obtained." *Tibbetts*, 2003 OK 72, ¶13, 77 P.3d 1042, 1049. NGL clearly failed to prove on the element of its case to the jury – the damages it suffered. This Court cannot find that the Plaintiff has prevailed and is therefore the "prevailing party" when it failed to prove an essential element of its claim – damages. As such, this Court agrees that the only reasonable attorney fee when the amount recovered on a breach of contract case is zero dollars, is no fee at all. Therefore, Plaintiff's Motion for Attorney Fees is **DENIED.**

## II.   DEFENDANT'S MOTION FOR ATTORNEY FEES AND FOR HEARING

Defendant's contend it is the prevailing party because had the jury properly applied the law, judgment would have been entered for the Defendant since the Plaintiff failed to prove an essential element of its case. Although this Court agrees that damages was an element of claim for breach

of contract which the Plaintiff clearly failed to prove since the jury awarded zero dollars in damages to the Plaintiff, the Defendant is raising this issue after the jury entered verdict for the Plaintiff and the parties **jointly** approved and submitted a Journal Entry and Judgment in favor of the Plaintiff. At no time did the Defendant request this Court enter a judgment notwithstanding the verdict but rather, the Defendant joined with the Plaintiff in entering a Judgment in favor of the Plaintiff.

This Court recognizes that under 12 O.S. §936, attorney fees are mandatory to the prevailing party, however, "the determination of which party prevails in cases of this sort is, like the award of attorney's fees, within the discretion of the trial judge." *Arkla Energy Resources v. Roye Reality and Develop., Inc.,* 9 F.3d 855, 865 (10th Cir. 1993) citing *Owen Jones & Sons, Inc. v. C.R. Lewis Co.,* 497 P.2d 312, 314 (Alaska 1972). "A prevailing party under section 936 must have prevailed upon the merits." *Arkla*, 9 F.3d at 866. "Furthermore, section 936 allows only one prevailing party, which is the party that has 'the most points at the end of the contest' or that receives the greatest affirmative judgment." *Arkla,* 9 F.3d at 866, citing *Quapaw Co. v. Varnell*, 566 P.2d 164, 167 (Okla.Ct.App.1977). "[W]hen both parties successfully defend against major claims by the other, and thus no party receives an affirmative judgment, the court may decide that neither has prevailed."*Arkla,* 9 F.3d at 866; citing *Hutchison v. Kelton,* 99 Idaho 866, 590 P.2d 1012, 1013 (1979) (holding that neither prevailed where both lost their affirmative claims); *Sardam v. Morford,* 51 Wash.App. 908, 756 P.2d 174, 175 (1988) (holding that neither prevailed where each successfully defended against a major claim by the other); *cf. Owen Jones,* 497 P.2d at 314 (holding that neither prevailed where one received around $7,000 and the other defeated a much larger claim). Such is the case here.

Both parties successfully defended against major claims of the other: the Plaintiff convinced

the jury that a contract was a formed and that the Defendant breached that contract, and the Defendant convinced the jury that the Plaintiff had failed to prove any damages as a result of that breach. As such, this Court finds that **neither party** is a "prevailing party" under 12 O.S. §936 and therefore, neither party is entitled to attorney fees.

For these reasons, Defendant's Motion for Attorney Fees is **DENIED**. The Defendant's Motion for Attorney Fees also included a Motion for Hearing. This Court finds that this matter can be determined on the briefs without need for a hearing, therefore, Defendant's Motion for Hearing is **DENIED**.

## CONCLUSION

For the foregoing reasons Plaintiff's Motion for Attorney Fees is **DENIED**. Defendant's Motion for Attorney Fees and Motion for Hearing are **DENIED**.

**IT IS SO ORDERED** this 24th day of August, 2010.

James H. Payne
United States District Judge
Northern District of Oklahoma